UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 26-3133-GW-ASx                                   Date: March 31, 2026

Title   *Nayrika Masjedi v. The Burlington Insurance Company, et al.*

Present:  The Honorable:   GEORGE H. WU, U.S. DISTRICT JUDGE

|  Javier Gonzalez  |  None Present  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
| --- | --- |
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO REMAND [21]**

On February 25, 2026, pro se Plaintiff Nayrika Masjedi filed a Second Amended Complaint ("SAC") in the Los Angeles County Superior Court against Defendant The Burlington Ins. Co. which alleged *inter alia* that Plaintiff was "the assignee of The Clean Out Group, Inc.'s ["COGI"] rights under the insurance policy" issued by Defendant to COGI.  *See* SAC ⁋ 2, Docket No. 1.  On March 24, 2026, Defendant removed the matter to federal court on the basis of diversity jurisdiction (Defendant being an Illinois corporation with its principal place of business in Connecticut and COGI being a California corporation), with Defendant's contending that Masjedi is a "sham" plaintiff.  *See* Notice of Removal, Docket No. 1.

On March 26, 2026, Plaintiff filed an ex parte application to shorten time for hearing on motion for remand which requested a hearing date prior to April 7, 2026.  *See* Docket No. 9.  The only basis for the ex parte application is Plaintiff's contention that she had obtained in state court an April 7, 2026 hearing date on her motion for preliminary injunction as to Defendant's obligation under its policy with COGI to provide her with defense in an underlying litigation – which Plaintif claims Defendant improperly disrupted with its removal ploy.  *Id*. at 2-4.  Defendant has opposed the ex parte application contending that Plaintiff has not set forth the exigent circumstances required to obtain the extraordinary ex parte relief.  See Docket No. 26.

The Court will deny the ex parte application.  Plaintiff has failed to establish irreparable harm if the ex parte relief is not granted and the motion is heard in the ordinary course.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.").  While Plaintiff may once have had an April 7, 2026 hearing date on her preliminary injunction motion in state court, there is no evidence

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 26-3133-GW-ASx                                          Date: March 31, 2026

Title    *Nayrika Masjedi v. The Burlington Insurance Company, et al.*


that she will regain said April 7 hearing date (or any other date near to it) if this Court hears her motion to remand pursuant to regular noticed motion procedures.  Additionally, at this point, it is not entirely clear that considering the motion to remand on an expedited basis would be conducive to a proper and fulsome evaluation of the merits of that motion.

For the reasons stated above, Plaintiff's ex parte application [21] and motion to remand [13] are DENIED.  Plaintiff is to refile her motion in the ordinary course.