**REMAND / JS-6**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3133-GW-ASx) | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *Nayrika Masjedi v. The Burlington Insurance Company, et al.* | | | |

---

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**    **IN CHAMBERS - ORDER VACATING HEARING DATE; GRANTING MOTION TO REMAND**

A motion to remand is on-calendar to be heard in this action on May 4, 2026. Defendant The Burlington Insurance Company ("Defendant") filed its Opposition to that motion on April 13, 2026. *See* Docket No. 40. The Court has no need for a Reply from plaintiff Nayrika Masjedi ("Plaintiff"). The Court grants the motion and vacates the May 4 hearing date. *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

Plaintiff's motion is based, in part, on an argument that Defendant failed to comply with 28 U.S.C. § 1446(a) because Defendant failed to file with its Notice of Removal "a copy of all process, pleadings, and orders served upon" it in this case. Defendant's Opposition focuses its efforts, with respect to that particular topic, on arguing that certain materials Plaintiff identified would not constitute "process, pleadings, [or] orders" under Section 1446(a). However, at least one document Plaintiff relies upon plainly falls within that category.

On March 16, 2026, the Superior Court of California, County of Los Angeles, issued a "Notice re: Continuance of Hearing and Order" ("Notice") in which it continued the hearing date on a previously-set motion for preliminary injunction in this case. *See* Exhibits in Support of Plaintiff Nayrika Masjedi's Motion to Remand, Docket No. 29-2, Exh. D. Accompanying that Notice was an "Order," ordering Plaintiff to give notice by mail of the continuance. Attached to that document, however, was a second page – a "Clerk's Certificate of Service by Electronic Service" – in which the Executive Officer/Clerk of Court certified that he (i.e., the Court) had *served* the Notice (along with its accompanying *Order*, of course), on Plaintiff *and counsel for Defendant*.

|  | : |
|---|---|
| Initials of Preparer | JG |

---

**REMAND / JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 26-3133-GW-ASx) | Date | April 20, 2026 |
|---|---|---|---|
| Title | *Nayrika Masjedi v. The Burlington Insurance Company, et al.* | | |

Defendant's Opposition addresses this document only briefly.  It asserts that, because neither it nor its attorney had entered an appearance in this action as of the date the Court indicated it served the Notice upon Defendant's attorney, the Notice did not constitute an order that was "served" upon it.  But Defendant obtained no ruling (or any other roughly-equivalent acknowledgment) from the Superior Court that this was a correct understanding of things.  Thus, as of the time of Defendant's Removal, based on the plain language of the Notice's service attestation, Defendant should have treated that Notice as "served" upon it.

Even if the Notice should be considered "served" upon Defendant under Section 1446(a), however, Defendant also argues that defects in this particular requirement of Section 1446(a) are curable, perhaps particularly-so where any error in this regard is "*de minimis*."  That is true in a general sense.  *See Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (concluding, in case where district court "declined to rest [remand order] on this basis" that "[w]e agree with a leading treatise and with our sister circuits that 'this *de minimis* procedural defect was curable' even 'after expiration of the thirty-day removal period'") (quoting *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011)).  However, *Kuxhausen* does not hold that a district court is *required* to overlook a clear violation of Section 1446(a) in this regard, merely because it is possible for a court to overlook the defect.  *See also, e.g.*, *Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1439 n.4 (E.D. Cal. 1989); *People v. Gibson-Rondon Corp.*, 421 F.Supp. 149, 149 (C.D. Cal. 1974); *Signorelli, Inc. v. OmniPeace, Inc.*, No. CV 10-6736 PA (CWx), 2010 WL 3745900, *1 (C.D. Cal. Sept. 17, 2010); *Shirwo v. JPMorgan Chase*, No. CV 09-4473 PA (FFMx), 2009 WL 1941389, *2 (C.D. Cal. June 30, 2009); Stevenson & Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* (The Rutter Group 2025), ¶¶ 2:3772-3773.

To the extent *Higginbottom v. Dexcom, Inc.*, 744 F.Supp.3d 1058 (S.D. Cal. 2024), insinuates that a district court *does* have its *hands tied* in that respect, this Court disagrees.  *See id.* At 1075 ("In any event, the failure to attach 'a copy or all process, pleadings, and orders served upon such defendant or defendants in such action,' to a notice of removal is a curable defect and *not a sufficient basis for remand*.") (emphasis added) (omitting internal citation to *Kuxhausen*); *see also Gray v. Extended Stay Am., Inc.*, No. 2:19-cv-01269-MCE-EFB, 2020 WL 1274265, *5 (E.D. Cal. Mar. 17, 2020) (permitting "cur[ing]" of defect in notice of removal in this regard, without stating or suggesting that it was *required* to do so).  If that were the case, the *command* of Section 1446(a) that a removing defendant file with its Notice of Removal "a copy of all process, pleadings, and orders served upon" it would, in effect, be a nullity.  And, with perhaps limited recognized exceptions (such as the one that *Kuxhausen permits*, but does not *require*), courts are told repeatedly that removal statutes are to be construed restrictively.

The Court cannot disagree with Defendant that the violation in question here would be appropriately considered *de minimis*.  However, in deciding whether to exercise its discretion to overlook this defect in Defendant's removal, the Court also believes it should consider certain characteristics of this lawsuit and

:

Initials of Preparer   JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3133-GW-ASx) | Date | April 20, 2026 |
|---|---|---|---|
| Title | *Nayrika Masjedi v. The Burlington Insurance Company, et al.* | | |

other relevant proceedings ongoing in State court.

This is a duty-to-defend lawsuit only made-actionable by a separate, ongoing, underlying dispute proceeding in California's courts. A decision in this action, and the timing of that decision, could have a significant impact on that underlying action. Defendant plainly intends to challenge Plaintiff's ability to even prosecute this action, arguing that she is not the proper party to raise the duty to defend under the relevant policy. Moreover, Plaintiff's operative pleading in this action asserts only a single cause of action, for declaratory relief. It is well-understood that a federal court's exercise of jurisdiction in the declaratory-relief context is not, by any means, automatic. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc); *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1288 n.4 (9th Cir. 1996)

This is not a simple case where an overlooked-procedural defect will allow a case to proceed apace unencumbered by other pertinent, and potentially time-pressing, considerations. The Court believes that the coordination that may become necessary between this action and the other case already proceeding in State court is  much-more-easily-handled by two courts operating within the same judicial system. In addition, it believes that the questions of California law – both concerning the understanding/operation of the duty to defend in this context *and* the seemingly-threshold question of Plaintiff's ability to prosecute this action – are better-handled by the Superior Court. Both of these points counsel in favor of strictly-enforcing Section 1446(a)'s actual terms here even before the Court further considers the fact of its discretion in handling matters advancing only declaratory-relief claims.

Because Defendant's Notice of Removal was procedurally-defective and the Court has elected, in its discretion, not to overlook that defect (for the reasons expressed above), the Court grants Plaintiff's motion to remand.[1]  Further recourse for the parties in this action (and the underlying action), whether procedurally or substantively, is to be had in the State courts.

IT IS SO ORDERED.

---

[1]To be clear, this decision is based upon the Section 1446(a) procedural defect, not any form of "declaratory relief abstention." The Court merely considers the declaratory relief-only character of this case as one factor it has weighed in its consideration whether to overlook the plain defect in Defendant's removal under Section 1446(a).

: 

Initials of Preparer    JG